RHETT V. BARNEY, WSBA #44764
GEANA VAN DESSEL, WSBA #35969
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALCON LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOD EYEGLASSES OPTICAL, a British Columbia sole proprietorship, and FOCUS WORKS LTD., a British Columbia corporation,<br><br>Defendants. | No.<br><br>COMPLAINT FOR REGISTERED TRADEMARK INFRINGEMENT; COMMON LAW TRADEMARK INFRINGEMENT; COMMON LAW UNFAIR COMPETITION; AND DECEPTIVE TRADE PRACTICES<br><br>**With Demand for Jury Trial** |

Plaintiff Alcon Laboratories, Inc. ("Alcon" or "Plaintiff") asserts the

following claims against Good Eyeglasses Optical and Focus Works Ltd.

(collectively "Defendant"), separately and also operating as goodeyeglasses.com,

contactlensclub.us, and specsdirect.org.

COMPLAINT - 1

1

## NATURE OF THE ACTION

2      1.     This is an action for damages and injunctive relief to stop Defendant's

3  infringement of Alcon's federally registered trademark, and to prevent further

4  harm to and deception of consumers across the United States and Washington State

5  for (i) trademark infringement under Sections 32, 34, and 35 of the Lanham Act,

6  15 U.S.C. §§1114, 1116 and 1117; and (ii) related claims arising under common

7  law and Washington State law.

8      2.     Alcon is an innovative, world-renowned developer and manufacturer

9  of contact lenses, prescription eye-care products, surgical devices for eye-care

10  professionals, and over-the-counter eye-care products, and is the source of several

11  well-known and renowned brands of contact lenses.

12      3.     Defendant, through its network of websites and contract warehouse

13  and transportation agents, is importing into the United States and advertising,

14  selling, and distributing Alcon contact lenses without a prescription, which are

15  materially different from the contact lenses Alcon puts on the market in the United

16  States (the "Infringing Contact Lenses"). More specifically, Defendant is an

17  opportunistic organization that acquires contact lenses meant for sale outside the

18  United States and sells them without a prescription, in complete disregard of

19  consumer health and safety, to consumers inside the United States, in violation of

20  state and federal consumer protection laws.

21

COMPLAINT - 2

1      4.      There is no question that Defendant unlawfully sells Infringing

2  Contact Lenses in the United States. During Alcon's investigation of Defendant,

3  Infringing Contact Lenses were purchased from Defendant on numerous occasions,

4  in various locations around the United States and at no time was a prescription

5  required or even requested.

6      5.      In blatant violation of the law, Defendant shamelessly advertises and

7  promotes on its website the fact that it does not require a valid prescription,

8  proudly boasting:  "Why You Should Buy From Us? No Prescription

9  Verification".



10

11

12

13

14

15

16

17  / / /

18  / / /

19  / / /

20

21  COMPLAINT - 3

6.    Not requiring a prescription proved successful for Defendant, and it is a reason consumers purchase the Infringing Contact Lenses, as demonstrated by the following comments taken from its goodeyeglasses.com website:

**Alex**
Date: January 23, 2017
**Reviews and Testimonials**
Good shipping, easy and fast process withour prescription. On top of that - extremely best price on the web ! Thanks!
◎ Verified Buyer

**Genzy**
Date: April 15, 2016
**Reviews and Testimonials**                                    ★★★★
The product is exactly what I expected. And I loved not having to deal with the hassle of sending in my prescription or waiting for them to contact my doctor and verify my prescription. However, I did have to wait about 3-4 days after placing my order before I ever got any order status update and tracking information. I would've liked some notification to know that my order was being worked on, even if it was just letting me know that the product is waiting to be received by the warehouse. I would order from GoodEyeglasses.com again.
◎ Verified Buyer                                    ✓ I would recommend this to a fris

7.    Upon information and belief, Defendant unlawfully transports Infringing Contact Lenses from Canada into the United States where they are stored in Washington State at the facility pictured here:



COMPLAINT - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

8.     On information and belief, this facility in Washington is a hub for Defendant's harmful and unlawful actions in the United States. The Infringing Contact Lenses are stored here, and orders are filled here and then distributed to consumers throughout the United States.

9.     Alcon sent three cease and desist letters to Defendant in October and November 2016, demanding it end its unauthorized and dangerous activities and putting the Defendant on notice regarding its failure to require contact lens prescriptions in violation of federal law. Defendant refused to provide even the courtesy of a reply. Instead, Defendant continues to put U.S. consumers at risk, unlawfully advertising, selling, distributing, and shipping Infringing Contact Lenses to consumers throughout the United States.

10.     These continued, willful and unauthorized sales of materially different Alcon contact lenses in the United States raise significant health and safety concerns for Alcon contact lens users. For example, poorly fitting contact lenses can result in itching, stinging, burning, or a sensation that there is a foreign object in the eye. Poor fitting lenses or improper prescriptions can lead to reduced visual capability, blurriness, rainbow vision, or the appearance of halos around objects. Redness can occur, excessive tearing of the eye, unusual eye secretions, dryness, or sensitivity to light. Long-term use of ill-fitting contact lenses may cause giant papillary conjunctivitis, corneal ulcers, and corneal neovascularization. Some of

COMPLAINT - 5

1  these problems will cause permanent damage to the eyes and vision that cannot be

2  repaired or corrected.

3        11.    Adding to these health and safety concerns, Alcon has no assurance

4  that the Infringing Contact Lenses are shipped, stored or handled under conditions

5  designed to maintain the safety and integrity of the products. This is a serious

6  concern for Alcon. U.S. consumers of Alcon products have come to expect a high

7  level of quality from Alcon, due in large part to the regimented and precise manner

8  in which the products are marketed, packaged, and distributed through authorized

9  and law-abiding contact lens providers. The reputational harm Alcon has, and will

10  continue to suffer, as a result of Defendant's continued unlawful activities cannot

11  be easily quantified or remedied, and the potential risk to unsuspecting consumers

12  is too great to allow Defendant's behavior to continue.

13  **PARTIES**

14        12.    Plaintiff Alcon Laboratories, Inc., is a corporation existing under the

15  laws of the state of Delaware, with its principle place of business at 6201 South

16  Freeway, Fort Worth, Texas 76134.

17        13.    Defendant Good Eyeglasses Optical, is a British Columbia sole

18  proprietorship with a registered address and records address of 4236 Oakview

19  Place, Victoria, British Columbia V8N 6M7.

20

21  COMPLAINT - 6

14.    Defendant Focus Works Ltd. (formerly SpecsDirect Optical Inc.) is a British Columbia corporation with a registered address and records address of 200-931 Fort Street, Victoria, British Columbia V8V 3K3.  Focus Works Ltd. is the sole member of Good Eyeglasses Optical. The incorporator and director of Focus Works Ltd. is Jagmohan S. Bains. Mr. Bains' address on file as director is the same as the registered address for Good Eyeglasses Optical.

15.    Defendant is the owner and operator of the websites www.goodeyeglasses.com; www.contactlensclub.us; and www.specsdirect.org, all of which do business in Washington State.[1]

## JURISDICTION & VENUE

16.    Jurisdiction in this Court is proper under 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332(a)(2), 1338(a) and 1338(b). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). The amount in controversy exceeds $75,000.

---

[1] Defendant is operating and doing business through goodeyeglasses.com, contactlensclub.us, and specsdirect.org. None of the websites operated by Defendant has a license from the Department of Revenue to do business in the state of Washington.

COMPLAINT - 7

17.   This Court has personal jurisdiction over Defendant pursuant to Washington's Long-Arm Statute RCW 4.28.

18.   Defendant transacts, conducts, and solicits business within Washington State and within this Judicial District. Defendant committed tortious acts within Washington State and within this Judicial District. Upon information and belief, Defendant may own, use or possess property in Washington State.

19.   Defendant imported, promoted, offered for sale, advertised, sold, and distributed, and continues to import, promote, offer for sale, advertise, sell, and distribute the Infringing Contact Lenses into Washington State and this Judicial District. Defendant's conduct caused and will continue to cause injury and damage to Plaintiff within Washington State and this Judicial District.

20.   Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

21.   Alcon was formed in 1947 in Fort Worth, Texas as a small pharmacy focused on sterile ophthalmic products and is an innovative world-renowned developer and manufacturer of contact lenses, prescription eye-care products, surgical devices for eye-care professionals, and over-the-counter eye-care products. Through a series of mergers, acquisitions, and investments, Alcon became a division of Novartis AG.

COMPLAINT - 8

22.   Alcon remains the number one producer of contact lenses in the United States, serving eye care professionals and their patients in more than 180 countries worldwide.

23.   Alcon sells contact lenses and related products utilizing the following registered United States trademarks, among others:

| MARK | REG. NO. | RELEVANT GOODS CLAIMED |
|---|---|---|
| ALCON | 4560685 | Contact lenses |
| ALCON (stylized) | 3964836 | Solutions for use with contact lenses |
| ALCON (stylized) | 3964835 | Solutions for use with contact lenses |
| ALCON | 3969109 | Solutions for use with contact lenses |

Copies of the registrations for the ALCON MARKS are attached as **EXHIBIT A**.

24.   These registered Alcon Marks and Alcon's other well-known and renowned brands of contact lenses are referred to hereinafter as the "ALCON MARKS".

25.   Independent of the foregoing registrations, Alcon is the owner and holder of all common-law rights associated with the ALCON MARKS, including nationwide common-law trademarks.

26.   The ALCON MARKS have been used in commerce continuously in the United States by Alcon prior to Defendant's use.

COMPLAINT - 9

27.    Alcon exercises great care in selecting its trademarks and protecting them in the marketplace. For example, Alcon carefully selects authorized distributors and third-parties with the knowledge and expertise required to properly provide contact lenses to practitioners, authorized retail outlets, and ultimately the end consumer. This is critical to protecting the ALCON MARKS.

28.    Alcon has spent millions of dollars in advertising and over 70 years creating consumer recognition and confidence in its Alcon brand, all of which relies in large part on recognition of, and confidence in, products bearing the Alcon trademarks. These substantial expenditures of time, money and effort have resulted in a reputation for exceptionally high quality products, including contact lenses. Alcon has also developed marketing strategies and designed packaging, promotional materials and specific products for the market in the United States, consistent with its reputation and high quality. Alcon vigorously protects its reputation and goodwill by maintaining the highest standards in products, appearance, and customer service.

29.    Genuine Alcon products are manufactured for sale in the United States and abroad, and are sold to authorized distributors for re-sale in each country where the contact lenses are shipped.

30.    Alcon has expended significant sums of money, time, and effort in carefully choosing authorized parties to sell Alcon's products and ensuring the

COMPLAINT - 10

1    authorized parties comply with Alcon's stringent distribution and resale guidelines

2    and with state and federal laws and regulations.

3          31.    The manner in which Alcon contact lenses are distributed and sold is

4    closely monitored to ensure compliance with the laws and health and safety

5    requirements of each country. For example, in the United States contact lenses can

6    only be sold with a valid prescription issued by a U.S.-licensed eye-care

7    professional. The online sale of contact lenses is subject to greater scrutiny and is

8    governed and closely regulated by the Federal Trade Commission's FAIRNESS

9    TO CONTACT LENS CONSUMERS ACT 15 U.S.C. §102 and the "Contact Lens

10   Rule" 16 C.F.R. §§315 and 456, which prohibits the sale of contact lenses without

11   a valid prescription from a U.S.-licensed eye care professional.

12         32.    According to the U.S. Food and Drug Administration, in referring to

13   the FAIRNESS TO CONTACT LENS CONSUMERS ACT, contact lenses sold

14   without a valid prescription are deemed "misbrand[ed] device[s]" and are not the

15   same as contact lenses properly sold through a valid prescription issued by a U.S.

16   licensed eye care professional.

17         33.    Alcon does not condone the sale of contact lenses to consumers in the

18   United States without a valid prescription issued in accordance with state and

19   federal law. Alcon would never unwillingly jeopardize the health and safety of

20   U.S. consumers nor risk its own reputation and goodwill.

21   COMPLAINT - 11

34.   Defendant is importing into the United States, promoting, offering for sale, advertising on the internet and through other media, contact lenses bearing the ALCON MARKS that are materially different from authorized Alcon products because they are sold to consumers in the United States without a prescription.

35.   Defendant advertises the Infringing Contact Lenses on websites to consumers across the United States, including consumers in Washington State. Attached as **EXHIBIT B** to this Complaint is an example of Defendant's website advertisements at https://www.goodeyeglasses.com/ promoting products bearing the ALCON MARKS.

36.   Attached as **EXHIBIT C** are three letters Alcon sent to Defendant in October and November 2016, demanding Defendant cease the illegal and unauthorized activities. Defendant never responded to Alcon's letters; however, it is clear Defendant received the letters and understood their significance, as Defendant complied with some of Alcon's demands.

37.   Defendant continues to falsely represent to U.S. consumers that the Infringing Contact Lenses sold on Defendant's websites are authorized and genuine products, willfully continues to sell the unauthorized products to U.S. consumers without a prescription, and willfully continues to distribute and ship those unauthorized products to consumers throughout the United States from and through Washington State.

COMPLAINT - 12

38.    During its investigation of Defendant, Alcon made test purchases of

Infringing Contact Lenses from www.goodeyeglasses.com,

www.contactlensclub.com, and specsdirect.org; each test purchase was made

without a prescription. Images of the products and shipping material from one test

purchase are below:





/ / /

/ / /

COMPLAINT - 13

39.    **EXHIBIT D** to this Complaint contains images of Infringing Contact Lenses purchased from the domains www.goodeyeglasses.com, www.contactlensclub.us, and www.specsdirect.org. The test buys from www.specsdirect.org and from www.goodeyeglasses.com were shipped from Washington State.

40.    On information and belief, Defendant has received numerous complaints and returns for products sold from its websites, and such complaints may have a negative impact on Alcon's brand and on the goodwill associated with the ALCON MARKS. These complaints and product returns also raise serious concerns about the health and safety of U.S. consumers, as explained in detail above.

41.    Enforcing Alcon's trademark rights is necessary to protect U.S. consumers from the health and safety risks inherent in the Infringing Contact Lenses. Indeed, U.S. Consumers rely on trademark laws to protect them from these very types of risks.

42.    U.S. consumers are likely to be confused as to the source of Defendant's Infringing Contact Lenses, and to associate Defendant's Infringing Contact Lenses with Alcon and with authorized Alcon products. Since any deficiencies in the Infringing Contact Lenses may be attributed to Alcon, the material difference between Alcon's authorized products and the Infringing

COMPLAINT - 14

Contact Lenses is likely to create a negative impression of Alcon and its products to U.S. consumers, and to tarnish and harm Alcon's reputation and goodwill.

43.     Alcon's remedy at law is inadequate to compensate it fully for its injuries. Unless enjoined, Defendant's actions will continue, causing irreparable damage to Alcon. It would be extremely difficult or impossible to estimate the amount of compensation necessary to afford Alcon complete monetary relief for continuing acts damaging Alcon's intangible assets and goodwill. Multiple judicial proceedings would be required in the absence of appropriate injunctive relief.

44.     Absent injunctive relief, the consuming public will continue to be harmed by the confusion caused by Defendant's advertising, sale, and distribution of the materially different Infringing Contact Lenses and by the potential health and safety risks caused by Defendant's actions.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1114)

45.     Alcon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

46.     Defendant's importation, promotion, advertisement, distribution, use and/or threatened continued sale into United States commerce of the Infringing Contact Lenses constitutes a wrongful use of and unauthorized reproduction, copy or colorable imitation of one or more of the registered ALCON MARKS.

COMPLAINT - 15

47.   Defendant's importation, promotion, advertisement, distribution, use and/or threatened continued sale into United States commerce of the Infringing Contact Lenses has caused and or is likely to cause confusion, or to cause mistake, or to deceive.

48.   Defendant's willful acts are intended to reap the benefit of Alcon's reputation and goodwill that it has created in its ALCON MARKS, and constitute infringement of the federally registered Alcon trademarks, in violation of sections 32, 34, and 35 of the Lanham Act (15 U.S.C. §§1114, 1116 and 1117).

49.   As a direct and proximate result of Defendant's illegal and willful activities, Alcon has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this Court.

50.   Defendant's conduct has caused and will continue to cause immediate and irreparable injury to Alcon, including its business, reputation and goodwill, and will continue to damage Alcon and deceive the public unless enjoined by this court. Alcon has no adequate remedy at law.

51.   Defendant's infringement of the ALCON MARKS is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the ALCON MARKS and an exceptional case within the meaning of the Lanham Act § 35 (15 U.S.C. § 1117). Alcon is therefore entitled to recover

COMPLAINT - 16

1    three times the amount of its actual damages and the attorneys' fees and costs

2    incurred in this action.

### COUNT II
### COMMON LAW TRADEMARK INFRINGEMENT
### &
### 15 U.S.C. § 1125(a)

6    52.    Alcon incorporates and realleges, as if fully set forth herein, the

7    allegations contained in the foregoing paragraphs of this Complaint.

8    53.    Defendant's acts alleged herein and specifically, without limitation,

9    Defendant's use of the ALCON MARKS, infringe Alcon's exclusive trademark

10   rights in the ALCON MARKS, in violation of the common law.

11   54.    As a direct consequence of Defendant's conduct, Alcon has suffered

12   and will continue to suffer damages, and the public will continue to be deceived,

13   unless enjoined by this court. Alcon has no adequate remedy at law in that the

14   amount of its damages is difficult to ascertain with specificity.

15   55.    Alcon has incurred damages in an amount to be proven at trial

16   consisting of, among other things, diminution in the value of the goodwill

17   associated with the ALCON MARKS, directly attributable to Defendant's

18   unauthorized and illegal activity.

19

20

21   COMPLAINT - 17

### COUNT III
### COMMON LAW UNFAIR COMPETITION

56.    Alcon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

57.    Defendant has engaged in and continues to engage in unfair competition by using the ALCON MARKS with the intention of interfering with and trading on the business reputation and goodwill engendered by Alcon's efforts and financial investments. Defendant's unfair competition is accomplished by Defendant's passing off its goods as those of another, namely Alcon.

58.    Defendant's acts have caused Alcon both competitive injury, as described herein, and damages in an amount to be proved at trial, consisting of diminution in the value and goodwill associated with the ALCON MARKS.

59.    Alcon has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity. Defendant's acts will continue if not enjoined.

60.    Alcon has incurred damages in an amount to be proven at trial consisting of, among other things, diminution in the value of the goodwill associated with the ALCON MARKS, directly attributable to Defendant's unauthorized and illegal activity.

COMPLAINT - 18

## COUNT IV
## WASHINGTON CONSUMER PROTECTION ACT
### (R.C.W.A. § 19.86.020 *et seq.*)

61.    Alcon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

62.    Defendant has engaged in and continues to engage in unfair and deceptive practices within the meaning of the Washington Consumer Protection Act, R.C.W.A. § 19.86.020 *et seq.*, by passing off its goods as those of Alcon or approved by Alcon and by Defendant's unauthorized trademark use and infringement.

63.    Defendant's unlawful actions affect the public interest because by using the ALCON MARKS on and in connection with the sale of its Infringing Products, Defendant caused and continue to cause a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products.

64.    Defendant's unlawful actions also affect the public interest by causing a likelihood of confusion or misunderstanding as to the affiliation, connection or association of Defendant with Alcon.

65.    Moreover, Defendant's unlawful actions affect the public interest because Defendant's unauthorized and illegal activities create a serious harm for Washington consumers in that the purchase and use of contact lenses without a

COMPLAINT - 19

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1  prescription is dangerous and prohibited activity in the United States and in

2  Washington State.

3      66.   Defendant's unlawful conduct relating to the ALCON MARKS and

4  related common law trademarks is causing and is likely to continue to cause

5  substantial injury to the purchasing public and to Alcon's business and property.

6      67.   Defendant's unlawful conduct irreparably damaged Alcon in its

7  business and property and will continue to damage Alcon unless restrained.

8      68.   Alcon is without an adequate remedy at law.  Pursuant to RCW

9  § 19.86.090, Alcon is entitled to, among other things, an order temporarily and

10  permanently enjoining and restraining Defendant from advertising, manufacturing,

11  and/or selling its Infringing Contact Lenses.

12      69.   Defendant's unlawful conduct has proximately caused Alcon to suffer

13  damages, and Alcon is entitled to recover three times its actual damages, costs, and

14  reasonable attorneys' fees pursuant to RCW § 19.86.090.

15                    **<u>PRAYER FOR RELIEF</u>**

16  WHEREFORE, Plaintiff prays for judgement and relief as follows:

17      1.   An order temporarily, preliminarily, and permanently enjoining and

18  restraining Defendant, its offices, directors, servants, employees, attorneys, agents,

19  representatives, and distributors, and all other persons acting in concert or

20  participation with Defendant from:

21  COMPLAINT - 20

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

a.      Making, manufacturing, importing, using, distributing, shipping, licensing, selling, developing, displaying, delivering, advertising, and/or otherwise marketing or disposing of Defendant's products bearing any trademark that is the same as, or confusingly similar to, any mark owned or used by Alcon and/or its related companies for contact lenses and/or other eye-care products;

b.      Owning, operating, managing, controlling or otherwise participating in the operation of any website and/or social media account which advertises, displays, offers for sales, sells and/or otherwise markets products bearing any trademark that is the same as, or confusingly similar to, any mark owned or used by Alcon and/or its related companies for contact lenses and/or other eye-care products;

c.      Misrepresenting in any way the source of origin or the nature or quality of Alcon contact lenses and/or other eye-care products;

d.      Selling or otherwise distributing contact lenses in the United States bearing any mark owned or used by Alcon and/or its related companies or any similar trademark;

e.      Further conduct which infringers any mark owned or used by Alcon and/or its related companies;

COMPLAINT - 21

2.      An order directing U.S. Customs and Border Protection to refuse entry to the United States of any contact lenses by Defendant bearing any mark owned or used by Alcon and/or its related companies, pursuant to 15 U.S.C. § 1125(a) and/or as otherwise provided by law;

3.      Judgment in favor of Alcon and against Defendant on all claims and for lost profits and lost revenues, disgorgement of profits, and additional damages, including exemplary and treble damages;

4.      Award Alcon attorneys' fees and costs of suit, consulting fees, expert witness fees, and other costs, fees and expenses incurred herein and such other amounts as may be proven at trial or as otherwise provided by federal or state law;

5.      Award Alcon pre-judgment and post-judgment interest; and

6.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of February, 2016.


By: s/ Rhett V. Barney
      Rhett V. Barney, WSBA #44764
      Geana Van Dessel, WSBA #35969

      Counsel for Plaintiff Alcon Laboratories, Inc.
      Lee & Hayes, PLLC
      601 W. Riverside Avenue, Suite 1400
      Spokane, WA 99201
      Phone: (509) 324-9256; Fax: (509) 323-8979
      Emails:   rhettb@leehayes.com
              geanav@leehayes.com

COMPLAINT - 22