UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALCON LABORATORIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOD EYEGLASSES OPTICAL, a British Columbia sole proprietorship; and FOCUS WORKS, LTD., a British Columbia corporation,<br><br>Defendants. | NO: 2:17-CV-54-RMP<br><br>ORDER GRANTING STIPULATED MOTIONS AND DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT |

BEFORE THE COURT is the parties' Stipulated Motion for Entry of Injunction Order and Judgment, ECF No. 32, Stipulated Motion to Expedite, ECF No. 33, and Plaintiff's Motion for Default Judgment, ECF No. 7. The Court has reviewed the relevant filings and is fully informed.

**BACKGROUND**

Plaintiff Alcon Laboratories, Inc. ("Alcon") commenced this action on February 6, 2017, against Defendants Good Eyeglasses Optical and Focus Works

ORDER GRANTING STIPULATED MOTIONS AND DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT ~ 1

Ltd. (collectively "Defendants") to recover monetary damages, attorneys' fees, and permanent injunctive relief for Defendants' willful and intentional trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1114, 1116, 1117, and 1125(a), and Defendants' violation of the Washington State Consumer Protection Act, RCW 19.86.020, et seq. ECF No. 1. Defendants failed to appear and defend. On May 19, 2017, the Clerk of the Court entered default judgment for Plaintiff on all its claims. ECF No. 6. Counsel has now appeared for Defendants, who stipulate to entry of this default judgment and injunction. Accordingly, the Court now enters this default judgment against Defendants and permanent injunction enjoining Defendants.

The Court has jurisdiction over the captioned parties and the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a)(2),1338(b), 1391(b), and Washington's long-arm statute, RCW 4.28 et seq. The Defendants stipulated to jurisdiction and venue in the United States District Court for the Eastern District of Washington, and specifically waived all defenses and objections to jurisdiction and venue. ECF No. 3.

Alcon Labs remains a top producer of contact lenses in the United States, serving eye care professionals and their patients in more than 180 countries worldwide. Alcon sells contact lenses and related products utilizing the following United States trademarks, among others:

| MARK | REG. NO. | RELEVANT GOODS CLAIMED |
|---|---|---|
| ALCON | 4560685 | Contact lenses |
| ALCON (stylized) | 3964836 | Solutions for use with contact lenses |
| ALCON (stylized) | 3964835 | Solutions for use with contact lenses |
| ALCON | 3969109 | Solutions for use with contact lenses |

These registered Alcon Marks and Alcon's other well-known and renowned brands of contact lenses are referred to hereinafter as the "Alcon Marks." Independent of the foregoing registrations, Alcon is the owner and holder of all common-law rights associated with the Alcon Marks, including nationwide common-law trademarks. The Alcon Marks have been used in commerce continuously in the United States by Alcon prior to Defendants' use.

Alcon exercises great care in selecting its trademarks and protecting them in the marketplace. For example, Alcon carefully selects authorized distributors and third-parties with the knowledge and expertise required to properly provide contact lenses to practitioners, authorized retail outlets, and ultimately the end consumer. This is critical to protecting the Alcon Marks and the end users of its products.

Alcon has spent millions of dollars in advertising and over 70 years creating consumer recognition and confidence in its Alcon brand, all of which relies in large part on recognition of, and confidence in, products bearing the Alcon trademarks. These substantial expenditures of time, money, and effort have

resulted in a reputation for exceptionally high quality products, including contact lenses.

Alcon has also developed marketing strategies and designed packaging, promotional materials, and specific products for the market in the United States, consistent with its reputation and high quality.

Alcon vigorously protects its reputation and goodwill by maintaining the highest standards in products, appearance, and customer service. Genuine Alcon products are manufactured for sale in the United States and abroad, and are sold to authorized distributors for re-sale in each country where the contact lenses are shipped. Alcon has expended significant sums of money, time, and effort in carefully choosing authorized parties to sell Alcon's products and ensuring the authorized parties comply with Alcon's stringent distribution and resale guidelines and with state and federal laws and regulations. The manner in which Alcon contact lenses are distributed and sold is closely monitored to ensure compliance with the laws and health and safety requirements of each country.

For example, in the United States contact lenses can only be sold with a valid prescription issued by a U.S.-licensed eye-care professional. The online sale of contact lenses is subject to greater scrutiny and is governed and closely regulated by the Federal Trade Commission's Fairness to Contact Lens Consumers Act 15 U.S.C. §102 and the "Contact Lens Rule" 16 C.F.R. §§315 and 456, which prohibits the sale of contact lenses without a valid prescription from a U.S.-

ORDER GRANTING STIPULATED MOTIONS AND DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT ~ 4

licensed eye care professional. Alcon does not condone the sale of contact lenses to consumers in the United States without a valid prescription issued in accordance with state and federal law. Alcon would never unwillingly jeopardize the health and safety of U.S. consumers nor risk its own reputation and goodwill.

Defendants imported into the United States, promoted, offered for sale, sold, distributed and advertised on the internet and through other media, contact lenses bearing the Alcon Marks that are materially different from authorized Alcon products (Infringing Contact Lenses).

Enforcing Alcon's trademark rights is necessary to protect U.S. consumers from the health and safety risks inherent in the Infringing Contact Lenses. Indeed, U.S. Consumers rely on trademark laws to protect them from these very types of risks. U.S. consumers are likely to be confused as to the source of Defendant's Infringing Contact Lenses, and to associate Defendant's Infringing Contact Lenses with Alcon and with authorized Alcon products. Since any deficiencies in the Infringing Contact Lenses may be attributed to Alcon, the material difference between Alcon's authorized products and the Infringing Contact Lenses is likely to create a negative impression of Alcon and its products to U.S. consumers, and to tarnish and harm Alcon's reputation and goodwill.

## DEFAULT JUDGMENT

On May 19, 2017, the Clerk of the Court entered default judgment for Plaintiff on all its claims. ECF No. 6. The terms of the default judgment state:

ORDER GRANTING STIPULATED MOTIONS AND DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT ~ 5

1. Judgment Creditor: Alcon Laboratories, Inc.

2. Judgment Debtors, Joint & Several: Good Eyeglasses Optical, a British Columbia sole proprietorship, and Focus Works Ltd., a British Columbia corporation.

1. Principal Amount of Judgment: $163,175.00

2. Reasonable Attorney Fees: $28,000

3. Costs: $1,644.67

4. Post judgment interest rate set forth in 28 U.S.C. § 1961(a)

## INJUNCTION ORDER

Alcon's remedy at law is inadequate to compensate it fully for its injuries. Unless enjoined, Defendant's actions will continue, causing irreparable damage to Alcon. It would be extremely difficult or impossible to estimate the amount of compensation necessary to afford Alcon complete monetary relief for continuing acts damaging Alcon's intangible assets and goodwill. Multiple judicial proceedings would be required in the absence of appropriate injunctive relief. Absent injunctive relief, the consuming public will continue to be harmed by the confusion caused by Defendant's advertising, sale, and distribution of the materially different Infringing Contact Lenses and by the potential health and safety risks caused by Defendant's actions.

Alcon is entitled to injunctive relief on each of its pleaded claims for willful and intentional trademark infringement and unfair competition in violation of 15

U.S.C. §§ 1114, 1116, 1117, and 1125(a), as well as Defendants' violation of the Washington State Consumer Protection Act, RCW 19.86.020, et seq. The Court entered default judgment for Plaintiff on all its claims.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Stipulated Motion for Entry of Injunction Order and Judgment, **ECF No. 32**, and Motion to Expedite, **ECF No. 33**, are **GRANTED**.

2. Plaintiff's Motion for Default Judgment as to All Defendants, **ECF No. 7**, is **DENIED AS MOOT**.

The District Court Clerk is directed to enter this Order, enter the Injunction and Judgment, provide copies to counsel, and **close this case**.

**DATED** September 12, 2017.

                              *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                                 United States District Judge